IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS EUGENE MANNING, | : | 1:13-cv-1069 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| ZACHARY IAN MILLS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM**

### **June 14, 2013**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 9), filed on May 22, 2013, which recommends that we dismiss *pro se* Plaintiff Douglas Eugene Manning's ("Plaintiff" or "Manning") civil rights complaint. Manning filed objections to the R&R on June 11, 2013. (Docs. 13 and 14). Accordingly, this matter is ripe for our review. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R in its entirety.

### **I. STANDARD OF REVIEW**

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. §

1

636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980).  The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations.  *Id.*  Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations.  *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II.  DISCUSSION

On April 24, 2013, Plaintiff, an inmate at the Franklin County Jail, filed the instant civil rights complaint, naming as Defendants the following: Zachary Ian Mills, Assistant District Attorney; Matthew Drew Fogel, District Attorney; Franklin County; Chambersburg Borough; and the Commonwealth of Pennsylvania.  On April 29, 2013, Plaintiff filed an amended complaint, stating that the action is a "civil rights action brought under the 1st, 4th, 5th, 6th, 8th and 14th amendments of the Constitution of the United States of America, pursuant to 42 U.S.C. § 1983."  Plaintiff paid the filing fee on April 29, 2013.[1]

---

[1] Despite the fact that Plaintiff paid the filing fee, the Court is still required to screen his complaint under the Prison Litigation Reform Act inasmuch as it is a "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

2

The allegations in Plaintiff's complaint arise out of his prosecution and conviction in the Franklin County Court of Common Pleas on multiple harassment and stalking charges. Plaintiff alleges that Defendant ADA Mills and DA Fogal "knowingly, intentionally, have had Plaintiff Falsely, maliciously arrested, selectively, maliciously, vindictively" prosecuted and held in prison for over ten months. (Doc. 4). In redress, Plaintiff seeks two hundred million dollars each from Defendants Mills and Fogal. He seeks three hundred million dollars from the Commonwealth and Chambersburg, and five hundred million dollars from Franklin County. (Doc. 4, pp. 7-8).

Magistrate Judge Blewitt recommends that the complaint be dismissed. With respect to the Commonwealth, Chambersburg Borough and Franklin County, the Magistrate Judge recommends that they be dismissed with prejudice because Plaintiff has not tendered one single factual allegation against these Defendants. Moreover, the Plaintiff cannot maintain civil rights claims against Chambersburg or Franklin County on the basis of *respondeat superior* because Plaintiff makes no allegations that these entities espoused a policy or custom that caused the alleged violation of his civil rights. See *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978). With respect to the Commonwealth, the Magistrate Judge

recommends that the complaint be dismissed because the Commonwealth enjoys Eleventh Amendment sovereign immunity. We agree with this recommendation.

With respect to Defendants Mills and Fogal, the Magistrate Judge recommends that the complaint be dismissed as against them because they enjoy absolute prosecutorial immunity for acts undertaken in the course of their duties. *Imbler v. Pachtman*, 424 U.S. 409 (1976). We agree. Further, any attempts by Manning to assert a malicious prosecution claim fail because his convictions have not been overturned by the state courts or by a federal court on habeas corpus review. In the future event that the charges against Plaintiff result in a favorable termination, he may, at that time re-assert a malicious prosecution claim.[2]

Accordingly, based on the foregoing, we find the Magistrate Judge's analysis to be correct and we shall adopt his recommendations in their entirety. An appropriate Order shall issue.

---

[2] We note that, within his objections, Plaintiff makes much of the fact that he is actively appealing his convictions. However, while the appellate process is still underway, Plaintiff cannot maintain a malicious prosecution cause of action against Defendants Mills and Fogal.